IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| United States of America        ) | |
| ) | Criminal Action No. 1:13-cr-00832-JMC-2 |
| ) | |
| v.        ) | **ORDER AND OPINION** |
| ) | |
| Gustavo Garcia-Morales,        ) | |
| ) | |
| Defendant.        ) | |
| _____) | |

This matter is before the court on Gustavo Garcia-Morales's (Defendant) motions to suppress physical evidence (ECF No. 45) and statements (ECF No. 46), filed December 19, 2013. The court held a hearing on this matter on January 3, 2014. (*See* ECF No. 52). For the reasons set forth herein, the court **DENIES** Defendant's motions.

At approximately 10:00 p.m. on February 18, 2013, Trooper Logdon conducted a lawful traffic stop of a vehicle in which Defendant was a passenger. (ECF No. 45 at 2). During the stop, Trooper Logdon requested the driver's license and registration, ran a computer check of the driver's license information, and wrote and issued a warning. (ECF No. 45 at 2–4; ECF No. 50-1). While performing these ordinary duties of a traffic stop, Trooper Logdon also questioned the driver and Defendant about their travel history, travel plans, and the contents of the vehicle including an inquiry into whether any harmful or illegal items were present in the car. (*Id.*; ECF No. 45 at 2–4; ECF No. 50-1). At approximately 10:25 p.m., Trooper Logdon explained the warning to the driver and returned the driver's license and paperwork. (ECF No. 45 at 4; ECF No. 50-1).

Immediately after returning the license and handing over the paperwork, Trooper Logdon requested consent to search the vehicle. (ECF No. 45 at 4; ECF No. 50-1). The driver declined

1

to consent to a search. (ECF No. 45 at 4; ECF No. 50-1). Trooper Logdon testified at the hearing that prior to the returning of the license, Officer Bird had arrived on the scene with a drug detection K-9. (*See* ECF No. 45 at 4; ECF No. 50 at 5; ECF No. 50-1). Trooper Logdon testified that he had requested the K-9 while he ran the driver's license check. Thus, just after the driver declined consent, Trooper Logdon was prepared to have Officer Bird conduct a dog sniff of the vehicle. (ECF No. 45 at 4; ECF No. 50-1). Trooper Logdon informed the driver that a dog sniff would take place. (ECF No. 45 at 4; ECF No. 50-1). Officer Bird then promptly proceeded to conduct the K-9 sniff of the car. (ECF No. 45 at 4; ECF No. 50-1).

At approximately 10:27 p.m., the K-9 alerted that there was an odor of drugs. (ECF No. 50 at 5; ECF No. 50-1). The officers conducted a search of the trunk and seized physical evidence, including approximately eight pounds of crystal methamphetamine. (ECF No. 45 at 5; ECF No. 50 at 5). Both the driver and Defendant were arrested and Mirandized at about 10:33 p.m. (ECF No. 45 at 5; ECF No. 50 at 5).

**<u>Motion to Suppress Physical Evidence</u>**

The court finds that Defendant, as the passenger of the car, was seized within the meaning of the Fourth Amendment during the traffic stop. *Brendlin v. California,* 551 U.S. 249, 251 (2007). Accordingly, Defendant has standing to challenge the constitutionality of his seizure. *Id.*; *see also Arizona v. Johnson*, 555 U.S. 323, 332 (2009); *United States v. Rusher*, 966 F.2d 868, 874 n.4 (2009). Moreover, in challenging his seizure, Defendant has standing to move for the suppression of any evidence found in the vehicle, as such was the fruit of Defendant's detention. 6 W. LaFave, *Search and Seizure* § 11.3(e), pp. 194, 195, and n.277 (4th ed. 2004 and Supp. 2007) (cited by *Brendlin*, 551 U.S. at 259).

Defendant concedes that Trooper Logdon's initial stop of the vehicle was justified. (ECF No. 45 at 7). However, Defendant argues that Trooper Logdon impermissibly prolonged the seizure. *Id.* at 9. The court finds that Trooper Logdon's conduct, given the totality of the circumstances, was not violative of the Fourth Amendment. The Fourth Circuit has endorsed the Sixth Circuit's guidance for determining the reasonableness of a traffic stop's prolongation. *See United States v. Digiovanni*, 650 F.3d 498, 508–509 (4th Cir. 2011) (citing *United States v. Everett*, 601 F.3d 484 (6th Cir. 2010)). The Sixth Circuit has explained that prolongation is reasonable where the court determines that "the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly." *Everett,* 601 F.3d at 494 (internal citation and quotation marks omitted). Specifically, the Sixth Circuit indicated that "locomotion-related inquiries" which "may help explain, or put into context, why the motorist was committing the suspicious behavior the officer observed…will rarely suggest a lack of diligence." *Id.* (internal citation and quotation marks omitted).

Throughout the majority of the traffic stop, Trooper Logdon diligently pursued the purpose of managing the traffic violation. Trooper Logdon's questions primarily related to the driver and Defendant's travel, their right to possess the vehicle, and their ownership of the contents of the vehicle. While Trooper Logdon asked whether any harmful or illegal items were located inside the vehicle, this singular inquiry which occurred prior to his returning of the license and issuance of the warning did not "extend the encounter beyond the period reasonably necessary to effectuate the purposes of the lawful detention." *United States v. Mason*, 628 F.3d 123, 131 (4th Cir. 2010). ("[W]hen an individual is lawfully stopped for a suspected traffic violation, the officer may briefly ask questions unrelated to the stop.")

Furthermore, during a routine traffic stop, an officer may conduct a dog sniff of a vehicle "as long as it is performed within the time *reasonably* required to issue a traffic citation." *United States v. Green*, No. 12-4879, 2014 WL 185577, at *5 (4th Cir. Jan. 17, 2014) (emphasis added) (internal citation and quotation marks omitted). In order to prolong the stop beyond the scope of a routine traffic stop, the officer must either have consent or reasonable suspicion of illegal activity. *Id.* "However, where a delay in conducting a dog sniff can be characterized as de minimis under the totality of the circumstances, the delay does not violate the defendant's Fourth Amendment rights." *Id.*

The court finds that the K-9 sniff — although occurring outside the scope of the officer's investigation of the traffic violation — constituted a *de minimis* intrusion on Defendant's liberty interest so as to preclude a finding that the officer behaved unreasonably. *See United States v. Alexander*, 448 F.3d 1014, 1017 (8th Cir. 2006) ("[E]ven if a dog sniff is…two minutes over the line drawn at the end of a routine traffic stop, a two minute delay to conduct a canine sniff is a *de minimis* intrusion on the driver's personal liberty that does not violate the Fourth Amendment.") (internal citation and quotation marks omitted) (quoted by *United States v. Farrior*, 535 F.3d 210, 220 (4th Cir. 2008)).

Therefore, the court finds that Defendant's detention comported with the requirements of the Fourth Amendment and that suppression of the physical evidence in this case is unwarranted.

**Motion to Suppress Statements**

While Defendant moved to suppress statements allegedly made while he "was in custody without Miranda warning", (ECF No. 46 at 5), the court has not been notified of the specific statements in question or the particular circumstances involved. Both Defendant and the government acknowledge that Defendant was Mirandized. (ECF No. 46 at 4; ECF No. 50 at 5).

4

Moreover, Defendant did not raise this issue at the suppression hearing.  For these reasons, the court finds that Defendant's motion to suppress statements lacks merit.

Thus, the court **DENIES** Defendant's motions to suppress physical evidence (ECF No. 45) and statements (ECF No. 46).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
January 30, 2014